# United States Court of Appeals

**FOR THE EIGHTH CIRCUIT**

_____

No. 98-2441SI

_____

|  |  |  |
|---|---|---|
| Ronald B. Algren; Clarence R. Bell; | * | |
| Vincent A. Bejarano; Robert K. Berger; | * | |
| Salvador Chia; Alfred Chio; Patrick | * | |
| Cory; Michael L. Cosner; Larry E. | * | |
| Culver; Donald E. Delaney; James | * | |
| Durbala; Grant B. Earll; James Evans; | * | |
| Gerald U. Garrett; John P. Guffy; | * | |
| Harold B. Hathaway; James Hook; | * | |
| Harold Howard; Ted L. Hudson; | * | |
| Harvey Hunter; Larry J. Jackson; | * | |
| James B. Kemkle; Thomas King; | * | |
| Leon Koeppel; Peter Kursitis; | * | |
| James D. Lambert; Bill Lynch; | * | |
| William Martin; Don L. Mitchell; | * | On Appeal from the United |
| Charles B. Morris; Richard Mozga; | * | States District Court |
| John B. O'Brien; Darrel E. Portinga; | * | for the Southern District |
| Vern F. Reynolds; Gerald Roshek; | * | of Iowa. |
| Marvin L. Rubendan; Dale E. Sawhill; | * | |
| Kenneth W. Schiller; Wayne Schurman; | * | |
| Donald Somers; Gary E. Speedling; | * | |
| Verl E. Stoneburner; Frank E. Strable; | * | |
| Donald L. Umphress; Jerry Walters; | * | |
| Duane Ward; Charles Watson; and | * | |
| Richard West, | * | |
|  | * | |
| Appellants, | * | |
|  | * | |
| v. | * | |
|  | * | |
| Pirelli Armstrong Tire Corporation; | * | |
| Pension and Benefits Plan | * | |

Administration Committee,          *
Plan Administrator,                *
                                   *
              Appellees.           *
                                   *
----------------------------       *
                                   *
Pirelli Armstrong Tire Corporation,  *
                                   *
              Third-Party Plaintiff,  *
                                   *
      v.                           *
                                   *
Titan Tire Corporation,            *
                                   *
              Third-Party Defendant.  *


_____

Submitted:  October 5, 1999
    Filed:   December 1, 1999
_____

Before McMILLIAN, RICHARD S. ARNOLD, and HANSEN, Circuit Judges.
_____

RICHARD S. ARNOLD, Circuit Judge.


Plaintiffs, all former hourly employees of Pirelli Armstrong Tire Corporation, brought this action claiming that Pirelli and its Pension and Benefits Plan Administration Committee violated the Employee Retirement Income Security Act of 1974 (ERISA) when they terminated retiree health care benefits in 1994. Plaintiffs also argue that Pirelli and the Committee were estopped to alter the employee welfare

benefits. The District Court[1] granted defendants summary judgment, and plaintiffs now appeal.

We agree with the District Court that the reasoning approved by this Court in Bierman v. Pirelli Armstrong Tire Corp., No. 4-96-CV-10285 (S.D. Iowa Oct. 31, 1997), aff'd, 162 F.3d 1163, 1998 WL 439881 (8th Cir. 1998) (involving similar claims brought by former Pirelli salaried employees), is equally applicable here. The governing Agreement on Employee Benefit Programs unambiguously conditioned retiree health benefits upon qualified retirement, and plaintiffs failed to produce any evidence of documents that indicated otherwise. See 29 U.S.C. §§ 1002(1), 1051(1) (vesting for "employee welfare benefit plans" not required); Wilson v. Moog Automotive, Inc., No. 98-3812 (8th Cir., Oct. 8, 1999). Plaintiffs did not have a vested right to retiree health benefits in advance of retirement. See Houghton v. SIPCO, Inc., 38 F.3d 953, 957-58 (8th Cir. 1994). It is undisputed that none of the plaintiffs retired before Pirelli terminated the retiree health care benefits. Plaintiffs' employment was terminated at a time when they were still active employees.

We also agree that plaintiffs' state-law promissory-estoppel claims were preempted by ERISA. See 29 U.S.C. § 1144(a) (ERISA preempts "any and all state laws insofar as they may now or hereafter relate to any employee benefit plan"); Wilson v. Zoellner, 114 F.3d 713, 717 (8th Cir. 1997) (discussing factors to consider in determining whether state law "relates to" ERISA plan). Any federal-law claim of estoppel, whether under federal common law or ERISA itself, must fail because the representations relied upon are contrary to the plain and unambiguous language of the plan documents.

Accordingly, we affirm.

---

[1]The Honorable Harold D. Vietor, United States District Judge for the Southern District of Iowa.

A true copy.

   Attest:

         CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.