Grappone v. Combined Services et al.  CV-03-512-PB  07/29/04

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


Kathy A. Grappone &
James R. Grappone

       v.                              Civil No. 03-512-PB
                                       Opinion No. 2004 DNH 114
Combined Services, LLC &
Blue Cross and Blue Shield
of Vermont, Inc.



MEMORANDUM AND ORDER

Kathy Grappone, an employee of Combined Services, LLP ("Combined Services") and her husband, James Grappone, challenge her employer's termination of its retiree health care benefits plan.  Had the program not been discontinued, she anticipated taking early retirement and participating, with her husband, in the free health care plan offered by Combined Services.  She claims in her complaints and in a motion for summary judgment that the termination was a breach of contract and violated the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132 et. seq.  I disagree.  Under ERISA, employees are free to change or terminate employee welfare plans unless they

have contracted otherwise.  Combined Services did not contract away its right to alter or terminate its retiree health care benefits plan.[1]  Accordingly, I deny Grappone's motion for summary judgment.


## I.  BACKGROUND

Kathy Grappone works at Combined Services.  She claims that she has worked for the company and its parents or affiliates since 1969.  Under the benefits package that was in existence in 2003, Combined Services offered free health care benefits to retirees who had worked for the company for fifteen years.  The Summary Plan Description ("SPD") states in a section titled "Retiree Medical Benefit Plans" provided that

> Early retirees (age 55-64) can annually elect the BlueChoice New England plan, or receive an opt-out payment of $1,200.  Retirees over age 65 can annually elect MediComp III (a Medicare Supplemental plan) or receive an opt-out payment of $600.

---

[1]  Defendant Blue Cross and Blue Shield of Vermont, Inc, moved to dismiss on the ground that it is not a proper party. Plaintiffs agreed in their Objection (Doc. No. 10).  The motion is therefore granted as to Blue Cross and Blue Shield of Vermont without discussion.

(Def.'s Mot. Dismiss Ex. A at 4).[2]  The "Eligibility" section of

the non-pension portion of the SPD stated

> Eligibility for retiree medical benefits is based on
> attaining age 55 with 15 years of service while
> actively employed. . . .  If an employee has worked for
> one of Combined Services LLC's parent BCBS
> organizations prior to employment with Combined
> Services LLC, the earlier date of employment will be
> used when determining eligibility.

(Id.).  The section of the SPD entitled "Substantive Plan" lists

three plans available for current employees to choose from, and

then states

> Early retirees have a choice of BlueChoice New England
> plan or receiving an opt out payment.  Combined
> Services LLC has reserved the right to change the plan
> in the future.

(Id. at 5).

By letter dated September 5, 2003, Combined Services

discontinued its retiree health care benefits for people that

were not retired as of October 1, 2003.  It offered a lump sum

---

[2]  Both parties have provided identical copies of the 2003 SPD, and plaintiffs have not challenged its authenticity. Further, the plaintiffs quote from the SPD in their complaint. Accordingly, the documents effectively merge into the pleadings, and I may rely on them without converting the motion to dismiss into one for summary judgment.  Beddall v. State Street Bank & Trust Co., 137 F.3d 12, 17 (1st Cir. 1998); Shaw v. Digital Equip. Corp., 82 F.3d 1194, 1220 (1st Cir. 1996).

payment based on years of service to those employees who would have been eligible upon retirement under the earlier plan. Kathy Grappone did not accept the payment, and instead brought this action against Combined Services and Blue Cross and Blue Shield of Vermont, asserting that the termination of the retirement health care benefits plan violated ERISA. The defendant has moved to dismiss, and the Grappones have moved for summary judgment.

## II. **STANDARD OF REVIEW**

When I consider a motion to dismiss for failure to state a claim, I must accept the plaintiff's well-pled factual allegations as true, "draw all reasonable inferences [from the complaint] in the plaintiff's favor and determine whether the complaint, so read, sets forth facts sufficient to justify recovery on any cognizable theory." Martin v. Applied Cellular Tech., Inc., 284 F.3d 1, 6 (1st Cir. 2002). Despite the liberal pleading requirements established by the federal rules, I need not accept subjective characterizations, bald assertions, or unsubstantiated conclusions. See Correa-Martinez v. Arrillaga-

Belendez, 903 F.2d 49, 52-53 (1st Cir. 1990); Dewey v. Univ. of N.H., 694 F.2d 1, 3 (1st Cir. 1982). I will dismiss an action based on a Fed. R. Civ. P. 12(b)(6) motion for failure to state a claim when the complaint, viewed in the light most favorable to the plaintiffs, shows no set of facts which could entitle them to relief. TAG/ICIB Services, Inc. v. Pan Am. Grain Co., 215 F.3d 172, 175 (1st Cir. 2000).

### III. ANALYSIS

ERISA requires employers to provide employees with a summary of their benefits plan. ERISA, 29 U.S.C. § 1132. Welfare benefits, such as retiree health care benefits, generally may be changed, amended or terminated by the employer without violating ERISA. See, 29 U.S.C. §§ 1002(1), 1051(1); Curtiss-Wright Corp. v. Schoonejongen, 514 U.S. 73 (1995). Pursuant to a contract, however, employers and employees may agree that welfare benefit plans cannot be terminated or changed in any way. Member Servs. Life Ins. Co. v. Am. Nat'l Bank & Trust Co., 130 F.3d 950, 954 (10th Cir. 1997). In resolving the present motion, I apply federal common law contract principles, informed by ERISA's

purposes of promoting the interests of employees in benefit plans and protecting contractually defined benefits. <u>Feifer v. Prudential Ins. Co. of Am.</u>, 306 F.3d 1202, 1210-11 (2d Cir. 2002) ("[t]he question whether and when benefits vest is a matter of contractual interpretation") (citations omitted); <u>Member Servs.</u> 130 F.3d at 954.

The Grappones assert that the change in the plan took away their vested rights in the retiree medical care plans in violation of ERISA. They make two arguments in support of their claim. First, they argue that Combined Services was required to reserve a right to terminate the program which it failed to do. They claim, therefore, that the failure to reserve a right to terminate was equivalent to a contract to vest the benefits. Second, they argue that their right to retirement welfare benefits vested when Kathy Grappone was first hired as a long-term employee. I address each of these arguments in turn.

## A. <u>Reservation of Right to Amend</u>

The Grappones first argue that Combined Services could not terminate the benefits at issue because it did not expressly reserve its right to terminate the benefits in the plan and the SPD. I disagree. In <u>Curtiss-Wright Corp. v. Schoonejongen</u>, 514

U.S. 73, 78 (1995), the Supreme Court held that "[e]mployers or other plan sponsors are generally free under ERISA, for any reason at any time, to adopt, modify, or terminate welfare plans." Unless the plan documents themselves contain an express waiver of the right to amend or terminate, the plan sponsor may in fact terminate all welfare benefits without implicating ERISA. The Grappones have not highlighted any provision in the plan or the SPD that purports to waive the right to terminate.[3] Therefore, the termination of the welfare benefit was valid as to people in whom it had not yet vested.

## B. Vesting of Rights

The Grappones also argue that the SPD gave them a vested right to receive the benefits at issue. I disagree. The relevant plan language describes health benefits that are available to retirees. It does not purport to guarantee that the

---

[3] The Grappones point to one express reservation in the SPD of a right to change which benefit plan would be available to retirees, claiming that it acts as an implicit waiver of the right to terminate the whole program. I disagree. "Until benefits have vested, employers may modify them or terminate them, whether or not they have reserved the right to do so. Helwig v. Kelsey-Hayes Co., 93 F.3d 243, 248 (citing Curtiss-Wright Corp., 514 U.S. 73).

same benefits will be made available to future retirees.  Because Kathy Grappone was not eligible for retirement when Combined Services terminated the retiree health benefits, her right to receive the benefits never accrued.  <u>See</u> <u>Wise v. El Paso National Gas Co.</u>, 986 F.2d 929, 937-38 (5th Cir. 1993); <u>Algren v. Pirelli Armstrong Tire Corp.</u>, 197 F.3d 915, 916 (8th Cir. 1999).  Thus, Combined Services appropriately rejected plaintiffs' claim that their right to receive the benefits in the future had vested.

In the final analysis, Combined Services eliminated the Grappones' <u>expected</u> benefit, not their <u>vested</u> or even <u>accrued</u> benefit.  Such an elimination is prohibited neither by ERISA, nor by a reasonable reading of the plan documents.  <u>See, e.g.</u>, <u>Campbell v. BankBoston N.A.</u>, 327 F.3d 1, 9 (1st Cir. 2003).

## IV.  <u>CONCLUSION</u>

For the reasons discussed above I deny plaintiff's motion for summary judgment (Doc. no. 11).  This reasoning leads me to the conclusion that the defendant is entitled to prevail.  It has moved to dismiss on similar grounds.  I, however, propose to treat their motion as one for summary judgment, and will grant

summary judgment to the defendants unless the plaintiffs respond within 20 days.

SO ORDERED.

_____
Paul Barbadoro
Chief Judge

July 29, 2004

cc:  Mark H. Puffer
     Debra Dyleski-Najjar